FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 15, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DANIEL JAMES ANDERSON,<br><br>    Defendant. | No. 4:22-CR-06001-SMJ-1<br><br>ORDER GRANTING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING AND ORDER SETTING CONDITIONS OF RELEASE<br><br>**ECF No. 51** |

On February 14, 2022, the Court conducted a hearing on Defendant's Sealed Motion to Reopen Detention Hearing (ECF No. 51). With Defendant's consent, Defendant appeared by video from the Benton County Jail. Defendant was represented by Assistant Federal Defender Nick Mirr and Jeremy Sporn. Assistant United States Attorney Patrick Cashman represented the United States.

The Court has considered this additional information and has evaluated the four factors outlined in 18 U.S.C. § 3142(g) to decide whether there are conditions of release that would reasonably assure Defendant's appearance in court and the safety of the community: (1) the nature and circumstances of the offense; (2) the

ORDER - 1

weight of evidence against Defendant; (3) the history and characteristics of Defendant; and (4) the nature and seriousness of the danger Defendant would present to the community if released. The Court finds that these factors, as set forth orally by the Court, weigh in favor of Defendant's pretrial release.

The Court previously expressed concern regarding Defendant's danger to the community due to his untreated mental-health related issues. *See* ECF No. 19 at 5. Since the detention hearing, Defendant has been charged by way of Indictment with two counts: conspiracy to make or possess an unregistered destructive device and possession of an unregistered destructive device, to wit: an improvised explosive device consisting of a small glass jar containing wadding, shrapnel, an explosive charge, and a fuse. ECF No. 23. Defendant also underwent a mental health evaluation and has arranged to begin outpatient mental health treatment services with Comprehensive Healthcare in Pasco, Washington beginning Tuesday, February 15, 2022 at 1:30 p.m. The United States orally opposed the Motion, noting the seriousness of the pending charges and citing discovery obtained during the investigation. The weight of the evidence is the least important of the factors the Court considers. Defendant has no criminal history United States Probation/Pretrial Services previously recommended release. ECF No. 9. The Court finds that the four factors, as set forth orally by the Court, weigh in favor of Defendant's pretrial release with conditions.

ORDER - 2

**IT IS ORDERED:**

1. Defendant's Motion to Reopen Detention Hearing (**ECF No. 51**) is **GRANTED**.

2. If a party desires this Court to reconsider conditions of release because of material and newly discovered circumstances under 18 U.S.C. § 3142(f), that party shall file a motion with the Court, served upon the United States Attorney, stating what circumstances are new, how they are established, and the requested change in conditions of release.

3. If a party seeks review of this Order by another court pursuant to 18 U.S.C. § 3145(a), counsel shall adhere to the Detention Order Review Protocol found in LCrR 46(k).

4. Defendant shall abide by the following conditions at all times:

### STANDARD CONDITIONS OF RELEASE

1. Defendant shall not commit any offense in violation of federal, state, or local (including tribal) law. Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency unless Defendant first notifies the supervising Pretrial Services Officer in the captioned matter.

ORDER - 3

2. Defendant shall immediately advise the Court and the United States Attorney in writing before any change in address.

3. Defendant shall appear at all proceedings and surrender as directed for service of any sentence imposed.

4. Defendant shall sign and complete form A.O. 199C before being released.

5. Defendant shall not possess a firearm, destructive device, or any dangerous weapons.

6. Defendant shall report to the U.S. Probation/Pretrial Services Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

7. Defendant shall contact defense counsel at least once a week.

8. Defendant is further advised it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to receive, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

9. Defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law. Defendant

ORDER - 4

may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law.

10. Defendant shall surrender any passport to Pretrial Services and shall not apply for a new passport.

## SPECIAL CONDITIONS OF RELEASE

1. Defendant shall submit to a mental health evaluation and undergo any recommended mental health treatment as directed by the United States Probation/Pretrial Services Office. Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation/Pretrial Services Office and the treatment provider to exchange, in any form and at any time, any and all diagnostic information, treatment recommendation information, or compliance reports, or records related to Defendant's conditions of release and supervision, and evaluation, treatment, and performance in the program. It shall be the responsibility of defense counsel to provide such waivers.

2. Defendant shall submit to random urinalysis and/or breathalyzer testing as directed by the United States Probation/Pretrial Services Office.

3. Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing which is required as a condition of release.

ORDER - 5

4. Defendant shall avoid all contact, direct or indirect, with any co-defendant and with any persons who Defendant would reasonably know are or may become a victim or potential witness in the subject investigation or prosecution.

5. Defendant shall notify the United States Probation/Pretrial Services Office within 24 hours of any change in address, telephone number, or employment.

6. <u>GPS Location Monitoring</u>: Defendant shall participate in a program of GPS location monitoring. Defendant shall wear at all times a GPS device under the supervision of United States Probation/Pretrial Services Office. In the event Defendant does not respond to GPS monitoring or cannot be found, the United States Probation/Pretrial Services Office shall immediately advise the Court. Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the United States Probation/Pretrial Services Office.

7. <u>Home Detention</u>: Defendant shall be restricted to Defendant's residence at all times except for the following: attorney visits; court appearances; case-related matters; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer, including but not limited to employment, religious services, medical necessities, substance abuse testing or treatment.

8. Defendant shall remain in the Eastern District of Washington unless given permission by the United States Probation/Pretrial Services Office.

9. Defendant shall not access the internet, including any social media platforms. The **only** exception is to assist Defendant's school-age child with a school assignment.

10. Defendant shall not have access to the internet, including but not limited to cell phones, laptops, or desktops with internet access, or text message capabilities. Defendant shall not seek employment involving the use of computers or other digital devices. Additionally, any other devices at Defendant's residence, including Defendant's wife's cell phone and the child's tablet, with access to the internet must be password protected from Defendant.

DATED February 15, 2022.

<u>s/James P. Hutton</u><br>JAMES P. HUTTON<br>UNITED STATES MAGISTRATE JUDGE

ORDER - 7